UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD L. BASKETT,

    Plaintiff,

  v.

STATE OF WASHINGTON *et al.*,

    Defendants.

Case No. C06-5130FDB

ORDER TO AMEND THE COMPLAINT

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis.* Plaintiff names the State of Washington, Superintendent Flemming, Regional Supervisor Earl Wright, Victoria Barshaw and Betty Gould as defendants. (Dkt. # 6). His first allegation is inadequate medical treatment for a mental condition. Plaintiff makes no showing how any named defendant denied treatment, or delayed or interfered with treatment proscribed or ordered by medical personnel. None of the named defendants are medical providers. (Dkt. # 6).

    Plaintiff also complains of a refusal to transfer him to work camp and of his classification. (Dkt. # 6). Finally, plaintiff alleges the amount of money in his account is incorrect and names the trust account manager in Olympia.

    The Court, having reviewed plaintiff's complaint, and the balance of the record contained herein, does hereby find and ORDER as follows:

    (l) The Court declines to order that plaintiff's complaint be served on defendants until he

ORDER

corrects the deficiencies identified below:

(a) In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

(b) In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

(c) While plaintiff may be able to state a claim on his inadequate medical treatment he will need to allege facts showing what treatment he asked for, what treatment was given and who provided or denied the treatment. Letters written to supervisors do not make the supervisors liable for their subordinates conduct absent acquiesce or support for the subordinates.

(d) Plaintiff cannot state a claim for failure to transfer him to work camp or his classification. It is well established that an inmate has no right to be in a particular prison of in his level of classification. Olim v. Wakinekoa, 461 U.S. 238, 245 (1983). There is no protected interest even if the his placement is a substantial hardship or grievous loss to the prisoner. Hewitt v. Helms, 459 U.S. 460 (9183).

(e) Plaintiff has not shown how any named defendant acted with regards to his funds. (Dkt. # 6). Indeed, all he has shown is that he filed a tort claim and the matter was referred to the Department of Corrections accounting unit. While Victoria Barshaw is listed as a trust account manager plaintiff provides no facts as to any action taken by her.

ORDER

1    (f)  Finally, plaintiff names a superior court clerk, Betty Gould, as a defendant, but again
2 provides no facts as to what action was taken by her.
3    (2)  Plaintiff is instructed to file an amended complaint curing, if possible, the
4 above-mentioned defect by May 26th, 2006. If an amended complaint is not timely filed, or if plaintiff
5 fails to adequately correct the deficiencies identified in this Order, the Court will recommend
6 dismissal of this action as frivolous.
7    (3) The Clerk is directed to send plaintiff a copy of this Order and the General Order.
8
9    DATED this 21st day of April, 2006.
10
11                              */S/ J. Kelley Arnold*
                                J. Kelley Arnold
12                              United States Magistrate Judge

28 ORDER